UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATREEN LOMBARDO,<br><br>               Plaintiff,<br><br>    -against-<br><br>CAMUTO LLC,<br><br>               Defendant. | Docket No.: 1:20-cv-10336-VSB<br><br>**STIPULATION AND ORDER FOR PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

This matter having come before the Court by stipulation of all parties (individually, "Party" and collectively, "Parties") for the entry of a protective order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by any Party or their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the Parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown:

IT IS HEREBY ORDERED that:

1. This stipulation is being entered into to facilitate the production, exchange and discovery of documents, information, and other materials that the Parties and, as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Documents" "Materials," or "Testimony").

2. Any Party or, as appropriate, non-party, may designate Documents or Materials produced or Testimony given, in connection with this action as "CONFIDENTIAL," either by notation on each page of the Document so designated, statement on the record of the deposition or

1

written advice to the respective undersigned counsel for the Parties thereto, or by other appropriate means.

3. As used here in:

a) "Confidential Information" shall mean all Documents, Materials, Testimony, and all information contained therein, and other information designated as CONFIDENTIAL, if such Documents, Materials, or Testimony contain trade secrets, propriety business information, competitively sensitive information or other personal information, the disclosure of which would, in the good faith judgment of the Party or as appropriate, non-party designating the material as confidential, be detrimental to the conduct of the Party's or non-party's business or personal interest, or the business or personal interest of any of that Party's or non-party's customers or clients.

b) "Producing Party" shall mean the parties to this action and any non-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

c) "Receiving Party" shall mean the parties to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, subpoenas or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party in writing that the Receiving Party does not concur in the designation of a document or other material as Confidential Information. If the Producing Party does not agree to declassify such document or material within seven (7) days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. Before filing such motion, the objecting party must attempt in good faith to meet and confer with the Producing Party in an effort

to resolve the matter. If no such motion is filed, such documents and materials shall continue to be treated as Confidential Information. If such a motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the proprietary nature of its designation of documents or information as Confidential Information.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

a) personnel of the Parties actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

b) counsel for the Parties to this action and their associated attorneys, paralegals, and other professional and nonprofessional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, or under the supervision or control of such counsel, and who have first been advised by such counsel of their obligations hereunder;

c) expert witnesses or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding here in; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

d) The Court and court personnel;

e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraph 9 and 10, respectively, hereof; and

g) as necessary to copying services, translators and litigation support firms, who have first been advised of their obligations hereunder, and provided that said third parties first execute Exhibit A attached hereto; and any other person agreed to by the Producing Party.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this stipulation and obtain the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. All depositions shall presumptively be treated as Confidential Information and subject to this stipulation during the deposition and for a period of fifteen (15) days after a transcript of the deposition is received by counsel for each of the parties. At or before the end of such a fifteen (15) day period, the deposition shall be classified appropriately consistent with the terms of this stipulation and order.

9. Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. This Stipulation shall not preclude counsel for any Party from using during any deposition in this action any Documents or Testimony which has been designated as "Confidential Information" under the terms hereof. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a Producing Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by the Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

11. A Party may designate as Confidential Information subject to this Stipulation any document, material, information, or deposition testimony produced or given by any non-party to this case or any portion thereof. In the case of Documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen 15 days after the transcript is received

by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Documents, materials, and Testimony shall be treated as Confidential Information. A Party may also designate a deposition or portions thereof as Confidential Information when the testimony is recorded. In such cases, the Party making such designation may exclude from the deposition all persons other than those to whom the material may be disclosed under paragraph 5 of this Stipulation. Any Party may mark Confidential Information as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this Stipulation and the exhibit and related transcript pages are also designated as "CONFIDENTIAL."

12. (a) A Party or, as appropriate, non-party, who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information or any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall (i) serve upon the other parties (and, as appropriate, non-parties) a Redacted Filing, and a complete and unredacted version of the filing contemporaneously with the filing of any Redacted Filing with the Court; (ii) file a Redacted Filing with the Court; and (iii) transmit the Redacted Filing and a complete and unredacted version of the filing to chambers. Within fourteen (14) days thereafter, the Producing Party may file a motion to seal such Confidential Information.

(b) If the Producing Party or Parties (or as may be appropriate, non-parties) does not file a motion to seal within the aforementioned fourteen (14) day period, the Party (or, as may be appropriate, non-party) that seeks to file the Confidential Information shall take steps to file an unredacted version of the material if so required by the Court.

(c) In the event the motion to seal is granted, all (or, if directed by the Court, portions of) deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated by a Party (or, as may be appropriate, non-party) as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL - SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as well as an indication of the nature of the contents and a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case by (name of Party or as appropriate, non-party), is not to be opened nor are the contents there of to be displayed or revealed other than to the Court, the Parties and their counsel of record, except by order of the Court or consent of the Parties. Violation hereof may be regarded as contempt of the Court."

In the event the motion to seal is denied, then the Party or, as appropriate, non-party making the filing shall take steps to replace the redacted filing with its corresponding unredacted version.

(d) In the event that the Party's (or, as may be appropriate, non-party's) filing includes Confidential Information produced by a Producing Party that is a non-party, the Party (or, as appropriate, non-party) making the filing shall so notify the Producing Party within twenty-four (24) hours after the redacted filing by providing the Producing Party with a copy of the redacted filing as well as a version of the filing with the relevant non-party's Confidential Information unredacted.

(e) All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have previously been designated by a Party as comprising or containing Confidential Information shall identify such documents by the production number ascribed to them at the time of production.

13. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

14. Any documents or information that may contain Confidential Information that has been inadvertently produced without a "CONFIDENTIAL" designation as provided in paragraphs 2 and/or 11 of this Stipulation, may be so designated by the Party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "CONFIDENTIAL" within a reasonable time following the discovery that the document or information has been produced without such designation.

15. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

16. The production or disclosure of Confidential Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this action or in any other action. Nothing in this Stipulation shall operate as an admission by any Party or non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information designation shall not preclude a subsequent challenge thereto.

17. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Producing Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Producing Party will promptly notify each Receiving Party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall either return all copies of inadvertently produced material subject to claim of privilege or immunity, or they shall be certified as having been destroyed forthwith. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Producing Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each receiving party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a receiving party may use the inadvertently produced information or materials to respond to a motion by the Producing Party seeking return or destruction of such information or materials. If the Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know its privileged, Counsel for the Receiving Party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Producing Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Producing Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

18.     This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Civil Procedure Law and Rules or other applicable law.

19.     This Stipulation shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court or have been unsealed pursuant to an Order of the Court, and that the Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation. The provisions of this Stipulation shall, absent prior written consent of the parties, continued to be binding after the conclusion of this action.

20.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

21.     Within forty-five (45) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions there of shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such a Party shall certify in writing within forty-five (45) days of the final termination of this litigation that is has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of pleadings, motion papers, discovery responses (excluding the confidential document production), deposition transcripts and deposition and trial exhibits. The Stipulation shall not be

interpreted in a manner that would violate any applicable rules of professional conduct. Nothing in the Stipulation shall prohibit or interfere with the ability of counsel for any Receiving Party, or of experts specially retained for this case, to represent any individual, corporation or other entity adverse to any Party or non-party or their affiliate(s) in connection with any other matter.

22. If a Receiving Party is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by the court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either e-mail or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena or direction, and (b) give the Producing Party five business days to object to the production of such Confidential Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any Party to the Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena or other direction by the court, administrative agency, or legislative body.

23. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24. This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

Dated: New York, New York
August 5, 2021

| | |
|---|---|
| **BORRELLI & ASSOCIATES, P.L.L.C.** | **LAVIN, CEDRONE, GRAVER, BOYD & DISIPIO** |
| By: _____<br>Michael R. Minkoff, Esquire<br>mrm@employmentlawyernewyork.com<br>Alexander T. Coleman, Esquire<br>atc@employmentlawyernewyork.com<br>Michael J. Borrelli, Esquire<br>mjb@employmentlawyernewyork.com<br>655 Third Avenue, Suite 1821<br>New York, NY 10017<br>Tel: 212-679-5000/Fax: 212-679-505<br>*Attorneys for Plaintiff,*<br>*Katreen Lombardo* | By: _____<br>Wayne A. Graver, Esquire<br>Tel: 215-351-7912<br>wgraver@lavin-law.com<br>Michael F. McKeon, Esquire<br>Tel: 215-351-1911<br>mmckeon@lavin-law.com<br>190 N. Independence Mall West<br>Suite 500<br>Philadelphia, PA 19106<br>Fax: 215-627-2551<br>*Attorneys for Defendant,*<br>*Camuto LLC* |

SO ORDERED:

_____
Vernon S. Broderick  8/6/2021
United States District Judge