UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                :

KATREEN LOMBARDO,            :

                               :

               Plaintiff,   :                           20-CV-10336 (VSB)

                  - against -       :

                               :                           **ORDER**

                               :

CAMUTO GROUP LLC,          :

                               :

               Defendant.   :

                               :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

I am in receipt of Plaintiff Katreen Lombardo's ("Plaintiff") motion in limine to preclude

the testimony of Angela Holt, (Doc. 116 ("Holt MIL")), and Defendant Camuto Group LLC's

("Defendant") opposition to the MIL, (Doc. 119 ("Opp'n")).  For the reasons that follow, the

Holt MIL is GRANTED.

### I.      **Background and Procedural History**

Plaintiff Katreen Lombardo brings this action asserting claims for (1) breach of contract,

(2) unlawful deduction of wages in violation of New York Labor Law ("NYLL") § 193, and (3)

retaliation in violation of NYLL § 215.  Plaintiff seeks to preclude the testimony of Angela Holt,

a Senior Human Resources Executive for Defendant's parent company, because Defendant did

not identify Holt as a witness in its Rule 26 disclosures or at any point thereafter until March

2026, when the parties discussed the joint proposed pre-trial order.  (*See generally* Holt MIL.)

Defendant responds that it seeks to call Holt as a rebuttal witness because none of its witnesses

still work for Defendant but otherwise fails to meaningfully explain its failure to disclose Holt's

identity earlier than two months before trial is set to begin.  (*See* Opp'n 2.)

According to Plaintiff, Defendant's counsel first referenced its intention to potentially call a previously undisclosed witness during a conversation "on December 18, 2025,[1] to which Plaintiff's counsel replied that Plaintiff would object based on Defendant's failure to [previously] disclose such [an] individual." (Holt MIL 1.) "Defendant's counsel stated that Defendant would make the mystery witness who was going to testify about undisclosed topics available for Plaintiff to depose him or her if Defendant decided that it wanted the witness to testify at trial. Defendant's counsel further said that Defendant would 'try to get this nailed down' in the next week.'" (*Id.* at 4–5.) However, the next time Defendant discussed calling a previously undisclosed witness and subsequently identified Holt by name was in March 2026—three months after the December 18, 2025 conversation. (*Id.* at 5; *see also* Doc. 116-8.) Defendant's opposition to the Holt MIL does not dispute or respond to Plaintiff's timeline regarding Defendant's disclosure of Holt's identity. (*See generally* Opp'n.)

Holt's proposed testimony appears to be a reaction to an affidavit Plaintiff filed in opposition to Defendant's summary judgment motion, in which Plaintiff declared "that she was the only employee in her practice area who Camuto did not rehire," and "provided no evidentiary foundation for her factual assertions." (Opp'n 1–2; *see also* Doc. 90 at ¶¶ 4–5 ("At my deposition, Defendant's counsel did not ask me about why I believed that Defendant firing me was retaliation for complaining about not being paid my non-discretionary bonus. Had I been asked, I would have answered that even though my whole department does the same type of

---

[1] The parties dispute whether Defendant's counsel notified Plaintiff's counsel in December 2025 regarding the subject matter of Holt's proposed testimony. (Holt MIL 6 n.1 ("Defendant's counsel attempted to rewrite history by claiming that he notified Plaintiff's counsel in December 2025, that its new witness would 'testify as to the issue of [Plaintiff]'s non-rehire.' . . . However, Defendant's counsel did not disclose the subject matter of her proposed testimony in December 2025, which is confirmed by his March 10, 2026 email in which Defendant's counsel was still being secretive about the subject matter of its proposed witness's testimony"); Doc. 116-8 ("We disagree about 'late disclosure' because we notified you . . . about our intent to have a witness testify as to the issue of Lombardo's non-rehire as of December (if not earlier) which was six months before the current May 11 trial date. Also, the specific identity of the witness is irrelevant because it's the subject matter of the testimony which is the important notice here.").)

work, I was the only member of my department that was permanently fired.").)  Accordingly, Defendant asserts that it "reserves the right to call a rebuttal witness to testify as to who was and was not re-hired, and explain Camuto's business decisions, particularly after Camuto was purchased by and absorbed into" its parent company.  (Opp'n 2.)  Defendant notes that none of the witnesses identified in its Rule 26 disclosure still work for Defendant, and contends that it "has complied with all court and discovery orders in this case and is not attempting to present Ms. Holt as a corporate designee."  (*Id.*)

## II.    <u>Applicable Law</u>

### A.  *Motion in Limine*

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Doe v. Lima*, No. 14-CV-2953, 2020 WL 4731418, at *3 (S.D.N.Y. Aug. 14, 2020) (internal quotation marks omitted).  "[E]videntiary rulings made in advance of trial are subject to change based on whether an appropriate foundation can in fact be laid for certain evidence, and the many variables that occur during the course of a trial that may impact a court's ruling at the time evidence is offered."  *United States v. Mostafa*, 16 F. Supp. 3d 236, 248 n.1 (S.D.N.Y. 2014); *see also Luce v. United States*, 469 U.S. 38, 41 (1984) ("The ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer.").

### B.  *Rule 26 and Rule 37*

Prior to discovery, parties must provide the names and known addresses for "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(i).  A party must further supplement its disclosures and other discovery responses

3

"in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) is intended "to prevent the practice of sandbagging an opposing party with new evidence." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) (internal quotation marks omitted).

"Although authorized under Federal Rule of Civil Procedure 37, 'preclusion of evidence is a harsh remedy and should be imposed only in rare situations.'" *Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 186 (E.D.N.Y. 2005) (alterations adopted) (citing *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)). "Before granting the extreme sanction of preclusion, the Court should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Cates v. Trs. of Columbia Univ. in City of New York*, 330 F.R.D. 369, 373 (S.D.N.Y. 2019). "In determining whether preclusion or another sanction would be appropriate, courts should consider: '(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of . . . the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'" *Id.* (alterations adopted and quoting *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)).

### III.   Discussion

With respect to the first factor, Defendant fails to present a substantial justification for

not disclosing Holt sooner.  This case was initiated five and a half years ago, and discovery

closed approximately four years ago, (*see* Doc. 64 at ¶ 10).  Defendant appears to have been

aware of Holt's identity, that she had discoverable information to support Defendant's defenses,

and that Defendant might call Holt as a witness, since at least December 2025.  (*See* Holt MIL 4–

5; Doc. 116-1 at ¶¶ 14–19.)  Moreover, to the extent Defendant appears to argue that Holt's

testimony is necessary because of Plaintiff's declaration filed in opposition to Defendant's

summary judgment motion, that declaration was filed on December 5, 2022, over three years

ago, (*see* Doc. 90).  Thus, Defendant's explanation is inadequate to justify its failure to disclose

Holt until the eve of trial.  *See Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 70 (E.D.N.Y. 2012)

(first factor "weighs heavily in favor of preclusion" where non-disclosing party's explanation is

"wholly inadequate").  Nor do I find this failure to disclose harmless since Holt would be

testifying to material facts that may influence the jury's verdict.  This factor cuts against

permitting Holt's testimony.

　　　With regard to the second factor, it is difficult for me to evaluate how important Holt's

testimony will be to the Defendant's case.  However, I acknowledge that it is important for

Defendant to be able to defend itself and present rebuttal witnesses at trial.  Although Defendant

proposes calling Holt to "testify as to who was and was not re-hired, and explain Camuto's

business decisions, particularly after Camuto was purchased by and absorbed into" Defendant's

parent company, (Opp'n 2), Defendant previously indicated that "[t]he two individuals who are

most knowledgeable are the two former CEOs whose depositions have already been taken,"

(Doc. 116-7 at 2; *see also id.* at 2–3 ("Camuto was purchased by Designer Brands Inc. in 2018,

and no senior management personnel knowledgeable concerning the issues raised by the

plaintiff's claim remain with the company.  . . .  Given the relative simplicity of this action,

which involves a single employee alleging that her employer did not correctly interpret her one-

page employment contract, and then retaliated against her for complaining about it, the spectrum of relevant discovery is quite limited. The material the defendant has previously provided, and the testimony of the witnesses the defendant has produced for corporate designee depositions, has filled every square inch of space within that spectrum, and then burst right through it.")). More recently, in discussing this dispute with Plaintiff, Defendant's counsel wrote that Messrs. Del Cielo and Nankervis—who Defendant proposes calling as witnesses, (Doc. 110 at 5)—"also happened to be the two managers who spanned Lombardo's entire career at Camuto [and] had specific knowledge of all of the relevant issues and interactions," (Doc. 116-8 at 1). Defendant does not argue that Holt's testimony is critical, or that she would provide information that cannot otherwise be offered by other witnesses, including through cross examination of Plaintiff. This factor cuts against permitting Holt's testimony.

The third factor, prejudice to the opposing party, could be viewed as significant since Plaintiff would have to prepare to meet the new testimony. Plaintiff would suffer prejudice from having to defend against testimony she has not been adequately notified of and effectively been denied the opportunity to depose. *See EMA Fin., LLC v. Joey New York, Inc.*, No. 17-CV-9706, 2021 WL 2822565, at *2 (S.D.N.Y. June 9, 2021) ("[T]he disclosure of a new witness less than a month before trial—whom Plaintiff has not had the ability to depose or seek documents from[]— is plainly prejudicial to Plaintiff."). Deposing Holt now would not cure this prejudice because Plaintiff would have to devote resources to take the deposition as she prepares for trial. In addition, to the extent that such a deposition might result in the need for Plaintiff to investigate or obtain discovery related to Holt's testimony, there is no time to do so. Moreover, this case is approximately five and a half years old, discovery was completed approximately four years ago, (*see* Doc. 64 at ¶ 10), and the parties are understandably eager to finally resolve the case. This factor cuts against permitting Holt's testimony.

The final factor, the availability of a continuance, cuts against permitting Holt's testimony for similar reasons.  "[A] continuance would be inappropriate and unwarranted here, where we are [] on the eve of trial" in this case, which has been pending for approximately five and a half years.  *EMA Fin., LLC*, 2021 WL 2822565, at *2.

### IV.    <u>Conclusion</u>

Weighing the relevant factors, I GRANT Plaintiff's motion in limine to exclude Holt's testimony.  The Clerk of Court is respectfully directed to terminate the motion at Doc. 116.  SO ORDERED.

Dated:        April 30, 2026
              New York, New York

Vernon S. Broderick
United States District Judge

7